UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JOSEPH PERRONE,

                              Plaintiff,                  **MEMORANDUM**
                                                             **AND ORDER**
   -against-                                                   09-cv-316 (SIL)

ROSE ANN AMATO and JACK AMATO,

                              Defendants.
------------------------------------------------------------------x

**STEVEN I. LOCKE, United States Magistrate Judge:**

Presently before the Court in this diversity-breach of contract action, pursuant to 28 U.S.C. § 636(c), is Plaintiff Joseph Perrone's ("Plaintiff" or "Perrone") Motion for Attorneys' Fees ("Plaintiff's Motion" or "Pl. Mot."). *See* Declaration of Legal Services of Alexander V. Sansone ("AS Decl."), Docket Entry ("DE") [138]; Declaration of Legal Services of Michael V. Marcellino ("MM Decl."), DE [139].[1] By way of Complaint dated January 26, 2009, later amended by an Amended Complaint dated February 12, 2010 and a Second Amended Complaint dated September 17, 2010, Plaintiff commenced this action against Defendants Rose Ann Amato ("Rose"), Jack Amato ("Jack," collectively with Rose, "Defendants"), and Jack's Pizzeria, Inc. ("Jack's Pizzeria") for: (1) breach of contract; (2) imposition of a constructive trust; (3) promissory estoppel; (4) fraudulent conveyance, in violation of Sections 273 and 276

---

[1] In light of Perrone's failure to adhere to this Court's requirement that a memorandum of law accompany all dispositive non-letter motions filed in this Court – including motions for attorneys' fees, *see* Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York, Rule 7.1(a)(2) – the Court considers Plaintiff's Motion to be comprised only of Sansone's and Marcellino's declarations.

1

of New York's Debtor and Creditor Law ("DCL"); (5) breach of fiduciary duty; (6) conspiracy; (7) fraud; and (8) tortious interference with a real estate ownership contract for a house formerly owned by Plaintiff and Rose (the "Residence"). *See* Complaint ("Compl."), DE [1]; Amended Complaint and Supplemental Complaint ("AC"), DE [22]; Second Amended Complaint ("SAC"), DE [80]. On July 5, 2017, after a three-day bench trial before her, the Honorable A. Kathleen Tomlinson[2] issued a Memorandum of Decision and Order wherein she, among other things, directed Plaintiff "to submit a detailed application" for attorneys' fees pursuant to his DCL § 276 claim within 30 days of the Order's publication. *See* Hon. A. Kathleen Tomlinson's July 5, 2017 Memorandum of Decision and Order (the "Attorneys' Fees Order"), DE [136], at 90. Notwithstanding Judge Tomlinson's instruction, Perrone filed Plaintiff's Motion on August 9, 2017, 35 days after Judge Tomlinson's Attorneys' Fees Order. *See* Pl. Mot. Rose opposes Plaintiff's Motion. *See generally* Memorandum of Defendant Rose Amato Opposing Plaintiff's Request for Attorney's Fees ("RA Mem."), DE [143].[3] For the reasons set forth below, the Court grants Plaintiff's Motion in part and denies it in part, and awards Perrone $66,620.00 in attorneys' fees.

---

[2] This matter was transferred from Judge Tomlinson to this Court on November 1, 2021. *See* November 1, 2021 Electronic Order.

[3] In between the end of the parties' trial before Judge Tomlinson and Perrone's filing of Plaintiff's Motion, Jack's counsel was permitted to withdraw due to the breakdown of the attorney-client relationship. *See* DEs [124], [127].

## I. BACKGROUND

By way of Complaint dated January 26, 2009, Perrone commenced this diversity action against Defendant Rose, alleging breach of contract and seeking the imposition of a constructive trust in connection with the sale of the Residence. *See* Compl. After the parties' April 22, 2009 initial conference before Judge Tomlinson, discovery commenced. *See* DEs [8]-[9]. Pursuant to stipulation, Perrone amended his Complaint to name Jack and Jack's Pizzeria as defendants, and added claims for: (i) promissory estoppel; (ii) fraudulent conveyance pursuant to DCL §§ 273 and 276; (iii) breach of fiduciary duty; (iv) conspiracy; (v) fraud; and (vi) tortious interference with a real estate ownership contract. *See* AC. On May 10 and June 29, 2010, respectively, Jack and Jack's Pizzeria moved to dismiss the Amended Complaint. *See* DEs [57], [66]. On August 30, 2010, the Honorable Thomas C. Platt granted Jack's Pizzeria's motion to dismiss based on a lack of subject matter jurisdiction and dismissed Jack's Pizzeria from this matter. *See* Hon. Thomas C. Platt's August 30, 2010 Memorandum and Order, DE [78], at 6-15. Judge Platt also granted in part and denied in part Jack's motion to dismiss, allowing Plaintiff's claims for: (i) breach of contract; (ii) fraudulent conveyance; (iii) conspiracy; (iv) fraud; (v) constructive trust as to funds unrelated to the breach of contract claim; and (vi) tortious interference with a contract to proceed, while dismissing Perrone's causes of action for: (vii) promissory estoppel; (viii) breach of fiduciary duty; and (ix) constructive trust as to funds related to the breach of contract claim. *See id.* at 18-39.

On September 17, 2010, Plaintiff filed his Second Amended Complaint to reflect Judge Platt's August 30, 2010 rulings. *See* SAC. After discovery, Plaintiff filed a motion for partial summary judgment as to his breach of contract claim, *see* DE [93], which Judge Platt granted on January 12, 2012. *See* DE [111]. In so doing, Judge Platt concluded that no genuine issue of material fact existed with respect to Plaintiff's breach of contract claim and that Plaintiff was entitled to one-half of the net proceeds from the sale of the Residence, plus interest, but that the question of any additional funds owed to Plaintiff was an issue of fact that needed to be proven at trial or jointly settled upon by the parties. *See id.* at 13. On March 13, 2012, the parties consented to Judge Tomlinson's jurisdiction for all purposes, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* DE [114].

On May 7, 8, and 11, 2012, Judge Tomlinson conducted a bench trial, *see* DEs [120]-[122], after which she awarded Plaintiff: (1) damages in the principal amount of $133,516.02 on his breach of contract claim; (2) a set aside in the same amount on the DCL § 276 claim, plus attorneys' fees; and (3) damages in the principal amount of $23,700.72 on the fraud and conspiracy claims. *See generally* Attorneys' Fees Order. Judge Tomlinson also dismissed Perrone's DCL § 273 cause of action, as well as his tortious interference, constructive trust, and punitive damages claims. *See id.* Judge Tomlinson then directed Plaintiff "to submit a detailed application for attorney[s'] fees within 30 days of the entry" of her July 5, 2017 Attorneys' Fees Order. *See* Attorneys' Fees Order at 90. Plaintiff's Motion was filed on August 9, 2017, 35 days after the publication of Judge Tomlinson's Post-Trial Order. *See* Pl.

4

Mot. On July 16, 2012, Judge Tomlinson permitted Jack's counsel to withdraw from representing him. *See* DEs [124], [127].

## II. DISCUSSION

Perrone seeks an award of attorneys' fees totaling $72,295.00. *See generally* AS Decl.; MM Decl. As an initial matter, the Court notes that Plaintiff is entitled to attorneys' fees by virtue of Judge Tomlinson's June 30, 2017 Decision and Order – a point not challenged by either Defendant. *See* Attorneys' Fees Order at 90. Here, the $72,295.00 award that Plaintiff seeks is comprised of fees for services billed at hourly rates of $350.00 and $250.00 by two attorneys, respectively – Alexander Sansone ("Sansone") and Michael Marcellino ("Marcellino"). In support of his application, Plaintiff has submitted Declarations of Legal Services prepared by Sansone and Marcellino, both of whom represented Plaintiff at various points in this action. *See* AS Decl.; MM Decl.[4] For the reasons set forth below, the Court grants Plaintiff's Motion in part and denies it in part, and awards Perrone $66,620.00 in attorneys' fees.

### A. <u>Reasonableness of Hourly Rates Billed</u>

To determine whether attorneys' fees are reasonable, courts calculate the "'presumptively reasonable fee'" by multiplying the reasonable hourly rate for each attorney by the reasonable number of hours expended. *Div. 1181 Amalgamated Transit Union-New York Employees Pension Fund v. D & A Bus Co., Inc.*, 270 F. Supp.

---

[4] Under these circumstances, the Court will not reject Plaintiff's Motion as untimely. The Court exercises its discretion to permit the motion, in light of Perrone's short filing delay and Defendants' inability to establish prejudice. *See Stephanie P. v. Comm'r. of Soc. Sec.*, No. 19-CV-6-FPG, 2021 WL 951677, at *2 (W.D.N.Y. Mar. 12, 2021) (citing *Sinkler v. Berryhill*, 932 F.3d 83, 89-90 (2d Cir. 2019)).

5

3d 593, 617 (E.D.N.Y. 2017) (quoting *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)).

The reasonable hourly rate is "'the rate a paying client would be willing to pay,' based on the 'prevailing [hourly rate] in the community…where the district court sits.'" *E. Sav. Bank, FSB v. Whyte*, No. 13-cv-6111, 2015 WL 790036, at *8 (E.D.N.Y. Feb. 24, 2015) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany,* 522 F.3d 182, 190 (2d Cir. 2007)). To determine this amount, courts consider:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*ComLab, Corp. v. Kal Tire*, No. 17-cv-1907, 2019 WL 2144307, at *4 (S.D.N.Y. Apr. 18, 2019), *report and recommendation adopted*, 2019 WL 2137135 (S.D.N.Y. May 16, 2019) (citations omitted). Separate findings under each factor, however, are unnecessary. *See Montefiore Med. Ctr. v. Local 272 Welfare Fund*, No. 09-cv-3096, 2019 WL 4565099, at *5 (S.D.N.Y. Sept. 19, 2019) (citation omitted). Rather, the factors should be considered together and no one factor is dispositive. *See id.* (citing *C.B. v. New York City Dep't of Educ.*, No. 18-cv-7337, 2019 WL 3162177, at *5 (S.D.N.Y. July 2, 2019)).

Here, Plaintiff seeks an award based on the following hourly rates: (i) $350.00 for Sansone, a solo practitioner who was admitted to practice in 1978 and was

engaged to serve as Plaintiff's trial counsel based on his "extensive experience in Federal Civil Rights, personal injury and commercial litigation," *see* AS Decl. ¶¶ 3-4; and (ii) $250.00 for Marcellino, a solo practitioner who was admitted to practice in 1982 and acted as "of counsel" to Plaintiff's counsel for the duration of this matter. *See* MM Decl. ¶¶ 1, 4.

In support of the requested rates, Plaintiff has submitted short biographies detailing the experience, qualifications, and billing rates of Sansone and Marcellino. *See* AS Decl.; MM Decl. Neither declaration, however, offers any information about the difficulty of this case or the hourly rates approved in similar cases. *See id.* Based on this information, the Court finds the hourly rates that Plaintiff requests are permissible. Hourly rates in the Eastern District of New York generally range from $300.00 to $450.00 for partner-level attorneys, and $200.00 to $325.00 for those with less experience. *See CIT Bank, N.A. v. Elliot*, No. 15-cv-4395, 2019 WL 5694332, at *3 (E.D.N.Y. July 25, 2019), *report and recommendation adopted sub nom. CIT Bank N.A. v. Elliott*, 2019 WL 4439347 (E.D.N.Y. Sept. 17, 2019) (citation omitted); *Freedom Mortg. Corp. v. Ervin*, No. 18-cv-1082, 2019 WL 2436298, at *8 (E.D.N.Y. Feb. 12, 2019*), report and recommendation adopted*, 2019 WL 2511873 (E.D.N.Y. June 18, 2019) (citation omitted). Applying these rates, $350 per hour for Sansone and $250 per hour for Marcellino are reasonable.

B. **Reasonableness of Hours Expended**

Next, the Court considers whether the hours expended by counsel are reasonable. The Court relies on its experience with this case, as well as its

7

"experience with the practice of law, to assess the reasonableness of the hours spent[.]" *See Div. 1181 Amalgamated Transit Union-New York Employees Pension Fund*, 270 F. Supp. 3d at 619 (internal quotation marks and citations omitted).  In conducting its analysis, the Court may "adjust those portions of an invoice that reflect excessive, redundant or otherwise unnecessary hours." *See Bank of Am. v. Viders*, No. 10-cv-0025, 2011 WL 4527419, at *3 (E.D.N.Y. July 26, 2011), *report and recommendation adopted sub nom. Bank of Am., Nat. Ass'n v. Viders*, 2011 WL 4440357 (E.D.N.Y. Sept. 23, 2011) (internal quotation marks and citation omitted); *see also Montefiore Med. Ctr.*, 2019 WL 4565099, at *5 ("Any hours that were not reasonably expended should be excluded.") (internal quotation marks and citation omitted).  A party seeking an award of attorneys' fees must document "the hours reasonably spent by counsel, and thus must support its request by providing contemporaneous time records reflecting, for each attorney and legal assistant, the date, the hours expended, and the nature of the work done." *E. Sav. Bank, FSB v. Beach*, No. 13-cv-0341, 2014 WL 923151, at *14 (E.D.N.Y. Mar. 10, 2014) (internal quotation marks and citation omitted).

Here, Sansone and Marcellino include their time records as part of their declarations of legal services, which purportedly note the dates on which each attorney worked and descriptions of the work performed. *See* AS Decl. at 3; MM Decl. at 5-14.  Plaintiff seeks reimbursement for 271.5 hours' worth of work, comprised of: (i) 44.2 hours of work performed by Sansone; and (ii) 227.3 hours of work performed by Marcellino.  *See id.*  Perrone's request includes time spent:  (i) preparing for and

deposing Defendants; (ii) preparing and filing the motion for partial summary judgment as to Plaintiff's breach of contract claim and reply papers in support of her motion; (iii) attending pretrial conferences; (iv) preparing and filing the joint pretrial order and pretrial memorandum of law; (v) reviewing documents in preparation for, and trying the matter before Judge Tomlinson; and (vi) preparing and filing the post-trial memorandum of law. *See id.*

Initially, Rose argues that Perrone's motion should be denied, either in part or in full, because he has not established that the time records in Sansone's and Marcellino's declarations are contemporaneous. *See* RA Mem. at 8 (citing *Incredible Foods Group, LLC v. Unifoods, S.A.*, No. 14-cv-5207, 2016 WL 4179943, at *2 (E.D.N.Y. Aug. 5, 2016) ("A party seeking attorney's fees must support that request with contemporaneous times records....")). Rose's opposition is two-pronged, namely that: (i) the time entries "appear to be recreations because they are not reproduced in in any traditional or recognized format"; and (ii) "at least one entry is chronologically out of place." RA Mem. at 8. The Court rejects these arguments. The first prong of Rose's argument is an unsupported conclusion, while the latter refers to a typographical error in Marcellino's declaration, and nothing more.

Upon review of Sansone's and Marcellino's declarations, however, the Court finds that portions of the invoices submitted by Perrone fall outside the purview of Judge Tomlinson's Attorneys' Fees Order, in that Plaintiff has failed to properly limit his request to the time expended by his attorneys in prosecuting his DCL § 276 claim. Indeed, while Sansone's submission is acceptable, a review of Marcellino's declaration

9

reveals over a dozen individual time entries which, at least partially, account for time spent preparing and submitting Perrone's motion for partial summary judgment as to his breach of contract claim – a matter not before Judge Tomlinson at trial. *See* Sansone Decl. at 5-9. Based on a review of Judge Tomlinson's Attorneys' Fees Order, *see* Attorneys' Fees Order at 50-54, the Court concludes that the work performed by Plaintiff's attorneys for his breach of contract claim is unrelated to the work performed for his DCL § 276 cause of action, in that they are "distinctly different claims for relief that are based on different facts and legal theories." *Monette v. County of Nassau*, No. 11-cv-539, 2016 WL 4145798, at *2 (E.D.N.Y. Aug. 4, 2016) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434-35, 103 S. Ct. 1933, 1940 (1983)). Specifically, Perrone's breach of contract claim arose from Rose's obligation to convey to Perrone half the proceeds from the sale of the Residence, his DCL § 276 cause of action arose exclusively from the fraudulent conveyance of those proceeds. *See generally* Attorneys' Fees Order. Moreover, Plaintiff's failure to submit a memorandum of law in support of his application leaves the Court with no certainty as to this issue.

For these reasons, and because the Court is unable – and unwilling – to parse the abovementioned entries in order to determine whether, and if so, how much time, Marcellino spent on the abovementioned dates working on Perrone's DCL § 276 claim, the Court deducts 10% – approximately 22.7 – of the hours purportedly expended by Marcellino in this matter. *See Feuer v. Cornerstone Hotels Corp.*, No. 14-cv-5388, 2021 WL 4894181, at *4 (E.D.N.Y. Oct. 20, 2021) (quoting *Kirsch v. Fleet St., Ltd.*,

10

148 F.3d 149, 173 (2d Cir. 1998) (internal citations omitted)) (A court "has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application."). Accordingly, the Court calculates Sansone's attorneys' fees based on 44.2 hours expended, and calculates Marcellino's fees based on 204.6 hours expended.

Multiplying the hourly rates set forth above by the adjusted hours expended by each attorney, the Court calculates the presumptively reasonable fee for each attorney as follows:

| Name | Hourly Rate | Adjusted Hours Expended | Presumptively Reasonable Fee |
|---|---|---|---|
| Sansone | $350.00 | 44.2 | $15,470.00 |
| Marcellino | $250.00 | 204.6 | $51,150.00 |

Based on these calculations, the Court awards Plaintiff $66,620.00 in attorneys' fees for services billed at hourly rates.

### III. CONCLUSION

For the reasons set forth above, the Court awards Plaintiff $66,620.00 in attorneys' fees. The Clerk of the Court is respectfully directed to enter a final judgment in this matter and close the case. Plaintiff is directed to promptly serve a copy of this Memorandum and Order on Jack and file proof of service.

Dated:   Central Islip, New York
         February 27, 2022

                                        /s/ Steven I. Locke
                                        STEVEN I. LOCKE
                                        United States Magistrate Judge